JS-6

**FILED**
**CLERK, U.S. DISTRICT COURT**

JAN 31 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ROMOND GIBBS, JR., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. ED CV 15-02159-AG (KES) <br><br> MEMORANDUM AND ORDER TRANSFERRING PETITION TO THE NORTHERN DISTRICT OF GEORGIA |

## PROCEEDINGS

Petitioner Ernest Gibbs, who currently is incarcerated in this District pursuant to a conviction sustained in 2005 in the Northern District of Georgia, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody herein on October 16, 2015, ostensibly pursuant to 28 U.S.C. § 2241. (Dkt. 1 at 4.[1])

Following a jury trial, Petitioner was convicted for conspiracy to commit robbery (Count One), interference with interstate commerce by violence (Count Two), and causing the death of another by using a firearm during the commission of a crime of violence, such killing being a murder as defined in 18 U.S.C. § 1111 (Count Three), in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A), (c)(1)(A)(iii),

---

[1] All page citations are to the CM/ECF pagination.

and (j)(1), respectively. United States v. Gibbs, 237 Fed. Appx. 550, 552-553 (11th Cir. 2007); Dkt. 5-1 (verdict at Ex. B, Eleventh Circuit opinion at Ex. D).

Petitioner now challenges the life sentence imposed on Count Three pursuant to 18 U.S.C. § 924(c)(1)(A) and (j)(1). His challenge is based on a Supreme Court decision that post-dates his conviction and appeal, Alleyne v. United States, _ U.S. _, 133 S. Ct. 2151 (2013) (holding that because "brandishing" increases the mandatory minimum sentence more than merely "carrying" a firearm, the jury must find brandishing beyond a reasonable doubt). Petitioner maintains that this Court has jurisdiction to entertain his § 2241 petition pursuant to the "savings clause" of § 2255 because he is actually innocent of the sentence enhancement terms found in 18 U.S.C. § 924(j)(1). (Dkt. 1 at 11.)

Respondent moved to dismiss or transfer the petition. (Dkt. 5.) Petitioner filed an opposition. (Dkt. 6.) Accordingly, this matter is now ready for decision. For the reasons stated below, the Court GRANTS Respondent's motion and orders the petition transferred to the Northern District of Georgia.

**I. THIS COURT CANNOT ENTERTAIN THE PETITION UNDER 28 U. S. C. § 2241 BECAUSE PETITIONER HAS NOT SATISFIED § 2255's SAVINGS CLAUSE.**

A. Legal Standard.

Generally, motions to contest the legality of a federal sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999).

This Court's determination of whether the requirements of § 2255's savings

clause have been met is governed by Ninth Circuit jurisprudence. The Ninth Circuit has held that a § 2241 petition may be brought under § 2255's "savings clause" when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir.), cert. denied, 555 U.S. 911 (2008); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007). Further, the Ninth Circuit has held that a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998), *i.e.*, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley, 523 U.S. at 623); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).

### B. Petitioner Has Not Satisfied the Actual Innocence Requirement.

As summarized by the Eleventh Circuit, Petitioner, in concert with three other men, attempted to rob an armored truck during one of its stops in Atlanta, Georgia on October 3, 2003. Gibbs, 237 Fed. Appx. at 553. As two guards approached the front door of a bank to empty the automatic teller machines, Petitioner and one accomplice, Michael Leggett, approached them and opened fire. One guard died almost instantly from a gunshot and the second was injured, as was Leggett. Petitioner and Leggett fled through the woods to a waiting get-away truck. On the drive to the hospital, Petitioner told the other men "that he had laid his man down." Id. After receiving medical attention, Leggett was arrested. He confessed and implicated his co-conspirators. Id. At trial, all three co-conspirators testified that Petitioner fired his gun during the robbery and "boasted that he shot one of the guards." Id. at 560. Petitioner also confessed to shooting a guard. Id. at 556.

Petitioner was charged and convicted under 18 U.S.C. § 924(c)(1)(A) which makes it a separate crime to "use or carry" a firearm during a crime of violence. (Dkt. 1 at 8.) His jury was instructed that if they found him guilty under § 924(c), then they

3

needed to determine whether he also violated § 924(j). (Dkt. 1 at 9.) Section 924(j) provides for an enhanced sentence for anyone who "in the course of violation of subsection (c), causes the death of a person through the use of a firearm ...." 18 U.S.C. § 924(j).

In reviewing the petition (Dkt. 1) and Petitioner's opposition to the motion to dismiss (Dkt. 6), the Court does not see any factual assertions as to why Petitioner is actually innocent of the charged crimes. Petitioner appears to confuse the concepts of factual innocence and legal error. For example, Petitioner says, "it seems clear that a defendant who is not eligible for an enhanced sentence is 'innocent' of that sentence." (Dkt. 1 at 19.) Petitioner also says, "Alleyne establishes that Petitioner is actually innocent ...." (Dkt. 6 at 8.)

Petitioner cites Respondent's argument ("Here, petitioner does not raise a plausible claim of actual innocence, indeed he admits that he carried a firearm in the commission of the crime. He then claims that he is actually innocent of killing the guard but offers no explanation why." [Dkt. 6 at 9, citing Dkt. 5 at 8]) but does not respond by offering a factual explanation. Petitioner never once asserts that he did not shoot the guard who died. Even if he were to make such an assertion, it would be contrary to his boasting after the shooting that he had "laid his man down," a boast to which his co-conspirators testified at trial.

In sum, Petitioner has failed to carry his burden of demonstrating that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him under § 924(j)(1). Accord, Stephens, 464 F.3d at 899.

### C. Petitioner Cannot Show He was Denied an "Unobstructed Procedural Shot" at Presenting a Relevant Claim.

Petitioner argues that he did not have an unobstructed procedural shot at presenting his Alleyne claim because Alleyne was not decided until 2013, years after his direct appeal.

To determine whether a petitioner had an unobstructed procedural shot to

pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." Harrison, 519 F.3d at 960. For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively. Lopera-Ochoa v. Sanders, 2011 U.S. Dist. LEXIS 155322 at *7 (C.D. Cal. Oct. 4, 2011). Indeed, Petitioner admits that his claim must be based on a "retroactively applicable" Supreme Court decision unavailable to him during direct appeal. (Dkt. 1 at 22 citing Harrison.)

Here, the Ninth Circuit has expressly held that Alleyne does not apply retroactively. Hughes v. United States, 770 F.3d 814, 819 (9th Cir. 2014). Thus, Alleyne is not relevant to any challenge Petitioner might raise to his earlier conviction and sentence.

## II. PETITIONER'S § 2255 MOTION MUST BE MADE IN THE SENTENCING COURT.

Because it challenges the jury's findings supporting his enhanced sentence, the Court construes Petitioner's petition as brought under 28 U.S.C. § 2255. For the reasons stated above, Petitioner has not satisfied § 2255's savings clause, such that the Court cannot consider the petition under 28 U.S.C. § 2241.

Motions under § 2255 must be heard in the sentencing court. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). This Court lacks jurisdiction to entertain the instant petition. Id.

Where, as here, a district court finds that jurisdiction is lacking, it may dismiss the petition, or transfer the action to any other court in which the action could have been brought, if such a transfer is in the interest of justice. Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). 28 U.S.C. §1631, which governs transfer to cure want of jurisdiction, provides that even where "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such

court in which the action or appeal could have been brought ...." 28 U.S. C. § 1631.

This Circuit has held that "[N]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller, 905 F.2d at 262, quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). The Court finds that transfer would be in the interest of justice.

## ORDER

**IT IS HEREBY ORDERED** that this action be transferred to the United States District Court for the Northern District of Georgia for further proceedings. The Clerk of the Court shall effect such transfer and notify Petitioner and Respondent.

DATED: January 31, 2016

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented this 6th day of January 2016 by:

_Karen E. Scott_
_____
KAREN E. SCOTT
United States Magistrate Judge